# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:24-CV-00750-KDB-SCR

| | |
|---|---|
| **ATEIRA ASHLEY,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, CHARLOTTE MECKLENBURG SCHOOL DISTRICT, AND JAMES ELLIOT FIELD,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Plaintiff Ateira Ashley's Motion for Reconsideration (Doc. No. 6). The Court has carefully considered this motion and Ms. Ashley's briefs and exhibits. For the reasons discussed below, the Court will **DENY** the motion.

Under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), the Court may provide a party relief "from a final judgment, order, or proceeding" under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co.*, Inc., 608 F.2d 96, 102 (4th Cir.

1

1979) (citation and internal quotation marks omitted). The Court must therefore exercise appropriate caution in granting such relief and must also consider whether doing so would unfairly prejudice the party who received the initial favorable judgment. *Id.*

The Court concludes that reversal of the Court's dismissal order is not warranted. The artifacts/documents provided by Ms. Ashley do not allege a plausible race or disability discrimination claim (nor do they include any legal authority or analysis). Ms. Ashley appears to allege that upon her return from medical leave in August 2022, she was presented with a one-year teaching contract, instead of a four-year contract which she preferred, which she then declined to sign. *See* Doc. No. 6-1 at 5. She filed two separate claims with the EEOC. The first, filed in December 2022, alleges race discrimination in violation of Title VII. *Id.* at 108. The second, filed in September 2023, alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA"). *Id.* The EEOC issued her a notice of right to sue for the first "because the Commission did not find evidence to substantiate a violation of Title VII" and further noted, after a comprehensive review of Defendant Charlotte Mecklenburg School District's ("CMSD") attempts to accommodate her disability, that "the information provided does not establish a violation of the ADA." *Id.* at 109. Ms. Ashley now urges the Court, which previously dismissed her suit, to find that she has plausibly allege that she was subjected to unlawful discrimination.

The Court has reviewed Ms. Ashley's submission. The "artifacts" show that Defendant CMSD repeatedly and reasonably sought to work with Ms. Ashley to accommodate her disability. *See, e.g., id.* at 146-151. In fact, CMSD offered Ms. Ashley accommodations in December 2022. *Id.* Ms. Ashley, in return, repeatedly failed to respond to emails in a timely manner or provide needed medical records. *Id.* at 109-10. And yet, Defendant CMSD continued to provide opportunities. In November 2023, an employee of CMSD again followed up with Ms. Ashley

regarding her missing documentation and explained that she had exhausted all of her leave in October 2023, stressing that the documentation was required for her to remain on leave. *Id.* at 122. In December 2023, Defendant CMSD again reached out to Ms. Ashley to collect this information and reminded her that because she had exhausted her available leave, her position could be terminated. *Id.* at 144. However, CMSD again offered Plaintiff another chance and asked her to report to work in January 2024 prior to beginning separation proceedings. *Id.* Ms. Ashley did not report to work and was ultimately terminated in June 2024. *See id.* at 118. She cannot now substantiate a discrimination claim after failing to appropriately engage in the accommodations process.

In sum, having reviewed the facts as provided by Ms. Ashley, the Court will not reopen her case.[1]

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 24) is **DENIED**; and

2. The Clerk is directed to continue to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 22, 2024

Kenneth D. Bell
United States District Judge

---

[1] Plaintiff also brings claims against her prior attorney James E. Field and the EEOC itself. However, no information has been supplied that could substantiate a plausible discrimination claim against either of those Defendants.

3