**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1811

ATEIRA ASHLEY,

        Plaintiff - Appellant,

v.

CHARLOTTE MECKLENBURG SCHOOL DISTRICT; U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; JAMES ELLIOTT FIELD,

        Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Kenneth D. Bell, District Judge. (3:24-cv-00750-KDB-SCR)

Submitted: March 27, 2025                             Decided: March 31, 2025

Before THACKER and BERNER, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ateira Ashley, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ateira Ashley appeals the district court's orders (1) conditionally granting Ashley's motion to proceed in forma pauperis for the limited purpose of conducting a frivolity review, pursuant to 28 U.S.C. § 1915(e)(2), and dismissing without prejudice Ashley's complaint alleging race and disability discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; and (2) denying what the district court construed as a Fed. R. Civ. P. 60(b) motion. We have reviewed the record and find no reversible error in the district court's dismissal order. *Cf. Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

Because Ashley filed her postjudgment motion within the time for seeking relief under Fed. R. Civ. P. 59(e), we observe that the district court should have considered that motion under the standard applicable for relief under Fed. R. Civ. P. 59(e). *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (reiterating that a motion filed in the time allowed for seeking Rule 59(e) relief should be analyzed under that Rule, rather than Rule 60(b)). We nonetheless conclude that Ashley's postjudgment motion was properly denied under the standard applicable to motions filed under either provision. *See Moore v. Frazier*, 941 F.3d 717, 725 (4th Cir. 2019) (recognizing that this court may affirm "on any ground apparent on the record"); *see also Robinson*, 599 F.3d at 407 (explaining that Rule 59(e) requires that a "movant show[] either (1) an intervening change in the

controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice").

Accordingly, we affirm the district court's orders, *Ashley v. Charlotte Mecklenburg Sch. Dist.*, No. 3:24-cv-00750-KDB-SCR (W.D.N.C. Aug. 19, 2024 & Aug. 22, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3